UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIANA BRIEDE,

                      Plaintiff,                    **ORDER**

    - v -

                                                CV-07-4170 (NG)(VVP)

DENISE RODRIGUEZ, et al.,

                      Defendants.
------------------------------------------------------------x

       For the reasons below, I recommend that this action be dismissed with prejudice as the plaintiff has apparently abandoned her claims.

       In June 2009, counsel of record for the plaintiff, Serge Binder, moved to withdraw as counsel. When the case was removed to this court, he agreed to a substitution of counsel to permit Rene Garcia, Esq. to assume representation of the plaintiff because he was not admitted to practice in the Eastern District of New York. Mr. Garcia was supposed to file the consent to change attorneys, but never did so and thus never became counsel of record, although he did appear at several status conferences in the matter during the discovery phase and at a settlement conference. After the defendant requested a premotion conference with respect to summary judgment, but before a premotion conference was held, Garcia was suspended from practice by New York bar authorities. As Binder remained counsel of record, the court looked to him to continue representation of the plaintiff or to arrange with her for another substitute attorney to make an appearance. In his affidavit on the motion, however, Binder advised the court that both he and Garcia have lost contact with the plaintiff and have been unable to reach her by telephone or by mail despite numerous attempts, thus prompting the motion to withdraw.[1]

       The court accordingly scheduled a hearing on the motion to withdraw to occur today at 12:00 noon, and served notice of the hearing by mail at the last known address of the plaintiff.[2]

---

[1] As it happens, after the motion was made Binder too was suspended from the practice of law and is therefore no longer able to represent the plaintiff.

[2] The notice was initially sent to an address the plaintiff had given to Binder when he undertook her representation. When she did not appear at the hearing scheduled by that notice, the court learned from the defendant's counsel that the plaintiff had supplied a different address at her deposition. The court thus adjourned the hearing and sent the notice of today's hearing to that address.

The notice specifically advised the plaintiff that if she failed to appear the case would be dismissed with prejudice. The notice was returned to the court as undeliverable, and the plaintiff did not appear.

The plaintiff's failure to appear in response to the court's notices and her failure to maintain contact with her attorney suggests that she has abandoned her claims. Accordingly, I recommend that her claims be dismissed with prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

\*        \*        \*        \*        \*        \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
       September 11, 2009